882 F.2d 81
 9 UCC Rep.Serv.2d 1
 The BANK OF NOVA SCOTIA,
v.
EQUITABLE FINANCIAL MANAGEMENT, INC. and A.R. Scalise, Inc.
Appeal of EQUITABLE FINANCIAL MANAGEMENT, INC., Appellant at
No. 89-3204.
Appeal of A.R. SCALISE, INC., Appellant at No. 89-3203.
 Nos. 89-3203, 89-3204.
 United States Court of Appeals,
Third Circuit.
 Submitted Under Third Circuit Rule 12(6)
July 28, 1989.
Decided Aug. 15, 1989.
 
 Gretchen L. Roos and George M. Medved, Eckert, Seamans, Cherin & Mellott, Pittsburgh, Pa., for A.R. Scalise, Inc.
 Margaret F. Houston and William Alvah Stewart, III, Houston, Harbaugh, P.C., Pittsburgh, Pa., for Equitable Financial Management, Inc.
 Before GIBBONS, Chief Judge, and HUTCHINSON, Circuit Judge, and REED, District Judge*.
 OPINION OF THE COURT
 HUTCHINSON, Circuit Judge.
 
 
 1
 A.R. Scalise, Inc. (Scalise), appellant at No. 89-3203, appeals an order of the United States District Court for the Western District of Pennsylvania granting summary judgment to Equitable Financial Management, Inc. (Equitable), appellee and cross-appellant at No. 89-3204, in Scalise's cross-claim against Equitable for breach of warranty of title. We will affirm.
 
 
 2
 Scalise purchased equipment offered for sale by Power Ventilation Canada, Ltd. (Power Ventilation). Equitable had financed Scalise's purchase of the equipment and took legal title to it as security for the purchase money obligation so created under an instrument cast in the form of a lease. The lease gave Scalise an option to acquire title to the equipment for $1.00 upon payment of all other sums due under the lease.
 
 
 3
 After Scalise took possession of the equipment, the Bank of Nova Scotia (Bank), not a party to this appeal, asserted a security interest in the equipment and filed the underlying action to cover the balance due on that lien. After Scalise filed its cross-claim joining Equitable on the theory of breach of warranty of title, the district court entered an order directing Scalise to surrender the equipment to the Bank, but stayed that order pending a ruling on Scalise's cross-claim against Equitable.
 
 
 4
 Scalise and Equitable filed motions for summary judgment, agreeing for that purpose that no material facts were in issue. The district court, by opinion and order filed February 17, 1989, denied Scalise's motion, granted Equitable's and entered judgment in favor of Equitable on the cross-claim. The district court held, inter alia, that under the Pennsylvania version of Uniform Commercial Code Sec. 2-312, 13 Pa.Cons.Stat.Ann. Sec. 2312 (Purdon 1984), "a finance lease coupled with a purchase option for a nominal amount imposes the duty to warrant good title on the lender-lessor." Bank of Nova Scotia v. Equitable Fin. Management, Inc., 708 F.Supp. 678, 683 (W.D.Pa.1989). The district court also held that the circumstances surrounding the sale should have put Scalise on notice of the Bank's security interest, and therefore Equitable did not breach its warranty of good title. Id. This appeal followed.[1]
 
 
 5
 On appeal, Scalise contends that Sec. 2312(a)(2) voids a seller's implied warranty of title only when the buyer had actual knowledge of the existence of a title defect and, alternately, that even if knowledge can be implied from the circumstances surrounding a sale, the record in this case does not support the district court's finding that Scalise should have known about the Bank's security interest. Equitable, on the other hand, contends that it was not a seller at all, but merely a lender who chose to secure its purchase money obligation by the lease instrument and that therefore Sec. 2312 has no application at all.
 
 
 6
 We have jurisdiction under 28 U.S.C.A. Sec. 1291 (West Supp.1989). Since the district court had previously entered judgment in favor of the Bank entitling it to possession and the Bank withdrew any further request for relief, the court's order granting summary judgment to Equitable on the cross-claim is a final order because it concludes the litigation. Because the order appealed from is one granting summary judgment, our scope of review is plenary and we apply the same standard as the district court, namely, whether the parties' submissions establish that there is no genuine issue of material fact and that the moving party, Equitable, is entitled to judgment as a matter of law on the cross-claim of Scalise.
 
 
 7
 Since there is no genuine issue of material fact, we will affirm the district court for the reasons that follow. We believe that the record before us shows that Scalise and Equitable intended their agreement to operate only as a security agreement and the title Equitable retained under the lease instrument between it and Scalise was solely for security. See General Elec. Credit Corp. v. Gerbeck Mach. Co., 806 F.2d 1207 (3d Cir.1986). Thus, under 13 Pa.Cons.Stat.Ann. Secs. 2101 and 2102 (Purdon 1984), this transaction is excluded from the operation of Article 2 of the Uniform Commercial Code, including Sec. 2-312, which implies the warranty of title upon which Scalise relies. Moreover, we find that even if the transaction between Scalise and Equitable was not solely for security, the circumstances of the transaction gave Scalise reason to know that all Equitable was "selling" was such right or title that Power Ventilation might have. Accordingly, any warranty of title that Equitable might be charged with under 13 Pa.Cons.Stat.Ann. Sec. 2312(a) by reason of denominating the transaction as a "sale" was excluded under Pa.Cons.Stat.Ann. Sec. 2312(b).
 
 
 8
 We will therefore affirm the order of the district court.
 
 
 
 *
 Hon. Lowell A. Reed, Jr., District Judge of the United States District Court for the Eastern District of Pennsylvania, sitting by designation
 
 
 [1]
 Although the Bank was not listed as a party to the appeal, the district court nevertheless approved a supersedeas bond from Scalise in the amount of $62,000 on March 10, 1989 and continued the stay of its prior order directing Scalise to surrender the equipment to the Bank. The Bank's motion to dissolve the stay was denied by the district court for lack of subject matter jurisdiction. The Bank then filed a motion in this court seeking leave to execute on the district court's order of possession. Action on that motion was deferred by this court until after submission of the case, but the Bank was permitted to file a memorandum setting forth its position in connection with this appeal and cross-appeal. The issues raised by the Bank's motion for leave to execute on the judgment become moot by reason of our decision on the appeal and cross-appeal affirming the district court, except for the Bank's right to proceed in the district court against the supersedeas bond for any damages it may have suffered as a result of the stay of the district court's order granting it possession while Scalise's appeal from the order dismissing its cross-claim against Equitable was pending